UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LEAGUE OF AMERICAN AUTOCHTHON HEIRS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MASON MCDUFFIE MORTGAGE CORPORATION, et al.,<br><br>Defendants. | Case No. 3:22-mc-80008-WHO<br><br>**ORDER DISMISSING CASE WITH PREJUDICE**<br><br>Re: Dkt. No. 4 |

This is the third case in this court and at least the fifth judicial proceeding by these plaintiffs to, apparently, halt a foreclosure sale. But that would not be clear from the face of the first pleading filed in this case (which I will construe as a complaint) or the plaintiffs' opposition to a pending motion to dismiss. Those filings are not comprehensible. For the reasons set out below, the motion to dismiss is GRANTED and the claims against all defendants are DISMISSED WITH PREJUDICE.[1] Though I will not levy sanctions today, the plaintiffs are cautioned that frivolous cases—which this one indisputably is—may result in monetary sanctions in the future. *See* Fed. R. Civ. P. 11.

I will not recount the history of the previous cases because the parties are familiar with it; it is laid out in a prior order in one of those cases. *See Woodruff v. Mason McDuffie Mortgage Corporation, et al.*, 19-cv-4300-WHO ("*Woodruff*"), Dkt. No. 50 ("Prior Order").

Because of the plaintiffs' naming conventions, it is necessary to explain that the plaintiffs have been here before, despite differences in captions. *Woodruff* was brought by "Kevin-Paul El

---

[1] The hearing on this matter is VACATED. *See* Civ. L.R. 7-1(b).

Woodruff as Grantor for Kevin Woodruff Estate." As I previously explained, that type of filing is similar to those made by "sovereign citizens" who argue that the law does not apply to them and may choose naming conventions like this. *See* Prior Order 6–7 & n.5. In this case, one plaintiff is listed as "Kevin Woodruff Estate"; the plaintiffs do not dispute, in response to the current motion to dismiss, that this plaintiff is in reality the same Kevin Woodruff from the previous suit. This case is also purportedly brought by other named plaintiffs. The lead plaintiff is the "League of American Autochthon Heirs." The nature of this purported entity is not pleaded or discussed in the briefs. The plaintiffs' opposition does not dispute that it is merely a conduit for them to bring their claims. The two other named plaintiffs are listed as "Tanya Stutson Estate" and Wanag Tahatan-bey. The former (a person listed as an "estate") was a co-borrower of Woodruff. *See* Prior Order 1. The latter is listed on some filings as a purported "tribal judge" that this case is pending "before." Dkt. No. 1 at 1. Importantly, the motion to dismiss makes a developed argument that there is privity between these parties and the plaintiffs in *Woodruff* "no matter the opaque nature of identifying the Plaintiff in the instant matter." Dkt. No. 4 at 9. The opposition to the motion to dismiss—which is close to a copy of the incomprehensible complaint—never disputes that.

I turn to the grounds for dismissal. The motion to dismiss makes multiple arguments, and many or all appear meritorious. Ruling on two of them is sufficient to dismiss these claims with prejudice.

First, the complaint fails to state a claim, as the moving defendants argue. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing standard). The complaint, as repeatedly noted, is not comprehensible, even construing it liberally as I must for unrepresented plaintiffs. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The pleading rules are violated when a complaint consists of "incomprehensible rambling." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed.2010)). The complaint contains no colorable claims. It does not state any comprehensible facts underlying the suit. While it contains disjointed assertions about the law, none of them have any arguable bearing on these proceedings.

2

1    And the plaintiffs' opposition defends none of this; it largely repeats the incomprehensible

2    statements in the complaint.  It is, accordingly, far from containing "sufficient factual matter,

3    accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678

4    (internal quotation marks and citation omitted).  Indeed, the only way that this Order can even

5    describe basic facts about the case is from the previous suits and the defendants' explanations.

6    This alone would require dismissal.

7        Second, as I ruled in the prior case, the plaintiffs lack standing and are judicially estopped

8    from raising these claims.  I take judicial notice of *Woodruff* and the related bankruptcy

9    proceeding.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  The plaintiffs

10   failed to schedule this property in their bankruptcy proceeding even though they could have.

11   Because of that, they lack standing to pursue an injunction against this foreclosure sale, *see* Prior

12   Order 8 (collecting cases), and they are judicially estopped from doing so, *see Hamilton v. State*

13   *Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001).  Again, the plaintiffs' opposition has no

14   response to any of this, even though the defendants made these arguments (and I ruled on them

15   once already).  Because the plaintiffs lack standing, the case would be dismissed under Rule

16   12(b)(1); because they are judicially estopped, the case would be dismissed under Rule 12(b)(6).

17       The question then becomes whether to permit amendment to attempt to cure some of these

18   defects.  Leave to amend is not warranted here because "the pleading could not possibly be cured

19   by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal

20   quotation marks and citation omitted).  To start, the judicial-estoppel issue is not a failure to plead

21   facts, it is a bar to suit imposed by law for behavior that happened in another proceeding, so

22   amendment would not cure it.  But even applying the usual factors that govern leave to amend, it

23   would be denied.  *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

24   This is the third case in this court and fifth judicial proceeding; even though they were filed as

25   different cases, the plaintiffs have now had ample opportunity to state their claims.  Yet they still

26   insist on filing frivolous suits with garbled pleading and briefs that are unresponsive to the issues.

27   *See id.* (weighing "repeated failure to cure deficiencies").  For the same reasons, their actions

28   smack of bad faith and dilatory motive.  *See id.* (weighing these factors).  Accordingly, "justice

1  [does not] require[]" amendment.  Fed. R. Civ. P. 15(a).

2  The case is DISMISSED WITH PREJUDICE against all defendants.² Judgment will be
3  entered accordingly.

4  **IT IS SO ORDERED.**

5  Dated: April 15, 2022



William H. Orrick
United States District Judge

---

² The plaintiffs have also purported to sue the U.S. Department of Veterans Affairs, Secretary Denis McDonough, Mason McDuffie Mortgage Corporation, Citigroup Global Markets, Inc., and Capital Bank, NA.  None of them have appeared and there are no proofs of service filed on the docket.  The claims against them are dismissed for the same reasons they are dismissed against the moving defendants.  The plaintiffs have not, in any event, pleaded or proved a basis for subject matter jurisdiction over the claims against them.